PER CURIAM.
In this pending dissolution of marriage action, the trial court entered an order directing the wife to deposit one-half of the proceeds of the sale of the husband’s former residence into her attorney’s trust account. The husband acquired the residence long before the marriage, but the property was later titled solely in the wife’s name. The sum was to be held pending the determination of ownership of the proceeds in the dissolution action. We affirm. The husband presented sufficient evidence at the first of two hearings on the issue to justify relief under section 61.11, Florida Statutes (2004), in that he testified to prior sales of his property by the wife without his knowledge and without any accounting to him of the proceeds of those sales.
Although the wife contends that the court erred in ordering the transfer without requiring the posting of a bond, the wife did not request that a bond be posted, nor was there any evidence of damages to the wife should she later prevail. Thus, the wife waived any argument that the trial court’s order violated the bond requirement set forth in Florida Rule of Civil Procedure 1.610(b).
GUNTHER, WARNER and POLEN, JJ., concur.